# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PHILLIP FORMAN, )
                   )
             Plaintiff, )      Case No.: 2:19-cv-00519-GMN-VCF
     vs. )
                   ) **ORDER**
UNITED HEALTH PRODUCTS, INC., *et al.*, )
                   )
             Defendants. )
                   )

Pending before the Court is Defendants Douglas K. Beplate's ("Beplate") and United Health Products, Inc.'s ("UHP") (collectively, "Defendants") Motion to Dismiss, (ECF No. 14). Plaintiff Phillip Forman ("Plaintiff") filed a Response, (ECF No. 15), and Defendants filed a Reply, (ECF No. 16).

Also pending before the Court is Plaintiff's Motion for Leave to File Sur-Reply to the Motion to Dismiss, (ECF No. 17). Defendants filed a Response, (ECF No. 18).

# I.    BACKGROUND

This action involves contract- and fraud-based claims relating to an alleged breach of an employment agreement. Plaintiff is a retired physician. (Compl. at 3, ECF No. 1). Defendant UHP sells hemostatic products. (*Id.*). Defendant Beplate is the current CEO of UHP. (*Id.*).

On November 10, 2014, Plaintiff and UHP entered into an Employment Agreement (the "Employment Agreement"), whereby Plaintiff served as the Chairman of the Board and Chief Medical Advisor for UHP in exchange for a salary of $5,000 per month. (*Id.*). The Employment Agreement further provided that 3 million shares of UHP common stock would be issued to Plaintiff to be received upon execution in exchange for services previously rendered. (*Id.*).; (Agreement at 2, Ex. B to Mot. Dismiss ("MTD"), ECF No. 14-3). The Employment Agreement also called for Plaintiff to submit for cancellation the 2 million plus "Old Forman

Shares" previously canceled by Plaintiff in 2013. (*Id.*). Plaintiff alleges that UHP failed to issue the 3 million shares of stock and failed to pay the $35,000 owed in salary. (Compl. at 7).

Subsequently, around summer 2015, in a collateral matter, Plaintiff was ordered to pay approximately $60,000 for his child's tuition to be delivered to Plaintiff's ex-wife. (*Id.* at 5–6). Plaintiff alleges that Defendants knew of Plaintiff's financial dilemma and used it to leverage two unenforceable agreements in June and July of 2015. (*Id.*).

On June 25, 2015, Plaintiff and UHP entered into an Amendment (the "Amendment"), whereby Plaintiff no longer served as director/chairman, but solely as a medical advisor to UHP for the sole compensation owed of 1.6 million shares of common stock and $15,000 to be paid in September 2015 ($5,000) and October 2015 ($10,000). (*Id.* at 4); (Amendment at 2, Ex. C to MTD, ECF No. 14-4). Plaintiff alleges that the Amendment is invalid and unenforceable for lack of consideration—more specifically, that no consideration was provided by UHP for the return/reduction of shares from 3 million to 1.6 million or the elimination of salary owed for December 2014 through June 2015. (Compl. at 5). Plaintiff further alleges that UHP nonetheless failed to pay the $15,000 owed. (*Id.*).

On July 22, 2015, Plaintiff and Harold D. Anderson ("Anderson"), now deceased, entered into a Stock Purchase Agreement (the "SPA"), whereby Anderson purchased Plaintiff's 1.6 million shares of common stock of UHP for $60,000 to be paid on or before July 31, 2015 and directly to Plaintiff's ex-wife. (*Id.* at 5–6); (SPA, Ex. G to MTD, ECF No. 14-8). Plaintiff alleges that at the time of the Amendment, the shares were worth approximately $144,000. (Compl. at 7). Plaintiff alleges that the SPA expired because the $60,000 was not paid by the mandated date and that, as a result, he was forced to obtain a loan to pay the tuition. (*Id.*).

On February 11, 2019, Plaintiff sent UHP a formal demand for issuance of his shares and payment of amounts owed. (*Id.* at 8). On February 15, 2019, UHP responded that Plaintiff sold his shares to a third party and attached an outgoing wire request, dated February 14, 2019,

by Beplate on behalf of Anderson's estate to Plaintiff's ex-wife in the amount of $60,000. (*Id.*). Anderson is Defendant Beplate's father-in-law, who passed away in or about August 2016. (*Id.*).

Plaintiff alleges, *inter alia*, that the Amendment and SPA were designed to take advantage of his financial dilemma regarding the court-ordered tuition payment and part of a fraudulent scheme to deprive Plaintiff of his monies and shares under the Employment Agreement. (*Id.* at 6–10). Plaintiff further alleges that Anderson relation to Beplate was a material fact intentionally omitted by Defendants in order to use Anderson as a strawman and undercut Plaintiff's eventual demand for payments and shares under the Employment Agreement. (*Id.*). Plaintiff also alleges that UHP subsequently failed to ensure that the SPA closed per its terms and refused to return Plaintiff's stock after the SPA expired. (*Id.* at 5–6, 16).

On March 27, 2019, Plaintiff filed the underlying Complaint against Defendants alleging eight claims for relief: (1) declaratory judgment that the Amendment is unenforceable; (2) breach of the Employment Agreement against UHP; (3) breach of the Amendment against UHP; (4) tortious breach of the implied covenant of good faith and fair dealing against UHP; (5) fraud; (6) tortious interference with contract against Beplate (in the alternative); (7) unjust enrichment; and (8) imposition of a constructive trust. (Compl. at 12–21).

In the instant Motion, Defendants move to dismiss the Complaint on the basis of accord and satisfaction and statute of limitations. (MTD, ECF No. 14). The Court will address each in turn.

**II.    LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

As an initial matter, the Complaint alleges the contents of the Employment Agreement, (ECF No. 14-3), the Amendment (ECF No. 14-4), and the SPA (ECF No. 14-8), the authenticity of which is not in question. (*See* Compl., ECF No. 1); (MTD, ECF No. 14). As such, the Court's consideration of the foregoing does not convert the instant Motion to Dismiss, (ECF No. 14), into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

### A. Accord and Satisfaction

Defendants vaguely argue that the Complaint should be dismissed on the basis of accord and satisfaction, which, while unclear, appears to be erroneously predicated on the SPA or a combination of the Amendment and the SPA. (*See* MTD at 5, 7). Defendants assert that "[t]here is no issue of fact that the plaintiff agreed to accept $60,000 for his shares because of a child support order and the monies were wired and accepted." (*Id.* at 7). In support, Defendants merely block quote a provision of Nevada's Uniform Commercial Code and state the general definition for accord and satisfaction, but nevertheless fail to cogently argue or apply the affirmative defense. (*Id.* at 6–7). Moreover, Defendants improperly conflate the settlement of the tuition order between Plaintiff and his ex-wife with the purported settlement of Plaintiff's claims under the Employment Agreement.

"To establish an accord and satisfaction, it must be clearly shown that '. . . there was a meeting of the minds of the parties, accompanied by a sufficient consideration.'" *Mountain*

*Shadows of Incline v. Kopsho*, 555 P.2d 841, 842 (Nev. 1976) (citations omitted); *accord TASER Int'l, Inc. v. Stinger Sys.*, No. 2:09-cv-289-MMD-PAL, 2012 WL 3205833, at *7 (D. Nev. Aug. 3, 2012) ("To establish an accord and satisfaction, Defendants must demonstrate four elements: '(1) a proper subject matter; (2) competent parties; (3) an assent or meeting of the minds of the parties; and (4) consideration.'" (citation omitted)). "'Accord' is defined as '[a]n agreement whereby one of the parties undertakes to give or perform, and the others to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to.'" *Walden v. Backus*, 408 P.2d 712, 713 (Nev. 1965) (quoting 1 C.J.S. Accord and Satisfaction § 1 a, p. 462).

Here, it is not clear from the face of the Complaint that Plaintiff's claims are barred on the basis of accord and satisfaction. More specifically, it is not clear on the face of the Complaint that there was a meeting of the minds of Plaintiff and UHP, accompanied by sufficient consideration. Nor is consideration indicated in the language of the Amendment. (*See* Agreement, Ex. C to MTD, ECF No. 14-4). In fact, Defendants acknowledge that Plaintiff "is alleging lack of consideration[,]" (MTD at 5), but nonetheless fail to address the consideration issue any further. (*Id.* at 4–8). In addition, to the extent Defendants argue the SPA between Plaintiff and Anderson constitutes accord and satisfaction with respect to the Employment Agreement or the Amendment, such argument fails as a matter of law as Anderson, a non-party, cannot alter the contracts through an accord. *See, e.g.*, *Lopez v. Javier Corral, D.C.*, 367 P.3d 745, 2010 WL 5541115, at *4 (Nev. 2010) ("[A] nonparty to a contract cannot alter the contract through an accord."). As such, the Complaint is sufficiently pleaded to withstand dismissal on a motion to dismiss based on accord and satisfaction.

Accordingly, Defendants' Motion to Dismiss is denied to the extent it relies on accord and satisfaction.

**B. Statute of Limitations**

Defendants' five-sentence statute of limitations argument is unavailing. (*See* MTD at 8). Defendants argue, without sufficient legal or factual support, that Claims Four through Seven are time-barred by two- or three-year limitations periods as the underlying conduct alleged occurred in 2015. (*Id*). The entirety of Defendants' argument is based on the unsubstantiated presumption that Claims Four through Seven are subject to two- or three-year statute of limitations applicable to fraud and tort claims, which they concede in their Reply to be incorrect. (*Compare* MTD at 8; *with* Reply at 79, ECF No. 16).

The applicable statute of limitations period for Claims Four through Seven are six, three, three, and four years, respectively. The statute of limitations for Claim Four (breach of the implied covenant of good faith and fair dealing) is six years. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. as Tr. for Residential Asset Securitization Tr. 2006-A3AB v. SFR Investments Pool 1, LLC*, No. 217-cv-02638-GMN-GWF, 2019 WL 1446956, at *2 (D. Nev. Mar. 31, 2019) ("NRS 11.190(1)(b)'s six-year limitations period applies to [Plaintiff's claim for breach of the implied covenant of good faith and fair dealing]"). The statute of limitations for Claim Five (fraud) and Claim Six (tortious interference with contract) is three years subject to the discovery rule. *See Ades v. Citi Mortg., Inc.*, No. 2:10-cv-02104-GMN, 2011 WL 4402754, at *5 (D. Nev. Sept. 20, 2011) ("Claims for fraud have a three-year statute of limitations that runs from the discovery of the facts constituting the fraud." (citing NRS 11.190(3)(d)); *Stalk v. Mushkin*, 199 P.3d 838, 841 (Nev. 2009) ("Claims for intentional interference with prospective business advantage and intentional interference with contractual relations are claims for injury to personal property and are therefore subject to the three-year statute of limitations in NRS 11.190(3)(c)."); *see also Daly v. Pearl Spirits, Inc.*, 438 F. App'x 644, 645 (9th Cir. 2011) ("The discovery rule applies to the running of the statute of limitations for a claim of concealment as well."). The statute of limitations for Claim Seven (unjust enrichment) is four

years. *See In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("The statute of limitation for an unjust enrichment claim is four years." (citing NRS 11.190(2)(c)).

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco*, 252 P.3d at 703 ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate."). Generally, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). "Under the discovery rule, the statute of limitations period is tolled until the injured party discovers or reasonably should have discovered the facts giving rise to the cause of action." *Kim v. Axa Fin., Inc.*, No. 2:07-cv-0346-RLH-RJJ, 2008 WL 11388671, at *6 (D. Nev. Nov. 21, 2008). "[W]hile a plaintiff must use reasonable diligence in determining whether to bring a claim, dismissal on statute of limitations grounds is appropriate only when the uncontroverted evidence irrefutably demonstrates the plaintiff knew or should have known of the facts giving rise to his claim." *Id.* (citing *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992)); *see also In re Amerco*, 252 P.3d at 703 ("A determination of '[w]hen the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action is a question of fact for the trier of fact.'" (citation omitted) (alteration in *Amerco*)).

Here, taking the Complaint's allegations and all reasonable inferences as true, the Court cannot say as a matter of law that Plaintiff knew or should have known the nature of the relationship between Anderson and Beplate at the time the Amendment or the SPA were executed or that the $60,000 would not be paid by the date mandated in the SPA. Plaintiff

asserts that he did not discover the underlying facts to his fraud-based claims until the series of events after he sent his demand letter, dated February 11, 2019. (*See* Resp. at 16, ECF No. 15). Plaintiff contends that until that point, he had no reason to suspect otherwise as he assumed that the SPA had been abandoned when Anderson failed to make the payment before July 31, 2015 as mandated by the SPA, which Plaintiff asserts is supported by the fact that he took out a loan to pay for the tuition. Plaintiff asserts that he discovered Defendants' fraudulent scheme when he received Defendants' response letter, dated February 15, 2019, attaching the wire transfer request, dated February 14, 2019, by Beplate on behalf of Anderson's estate as purported proof of payment pursuant to the SPA.

Accordingly, it is not clear from the face of the Complaint that Plaintiff's claims at issue are barred by the applicable statute of limitations as a matter of law. As such, Defendants' Motion to Dismiss is denied as to Defendants' statute of limitations argument.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply to the Motion to Dismiss, (ECF No. 17), is **DENIED as moot**.

**DATED** this 19 day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court