**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Michael D. Maupin, Esq.
Nevada Bar No. 13721
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
mmaupin@maclaw.com

Carmel, Milazzo & Feil, LLP
Ross David Carmel, Esq.
New York Bar No. 4686580
Pro Hac Vice Forthcoming
55 West 39th Street, 18th Floor
New York, NY 10018
rcarmel@cmdllf.com
Attorneys for Plaintiff Phillip Forman

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP FORMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTH PRODUCTS, INC., a Nevada domestic corporation; and DOUGLAS K. BEPLATE, an individual,<br><br>Defendant. | Case Number:<br>2:19-cv-519-GMN-VCF<br><br>**AMENDED STIPULATION AND ORDER FOR EXTENSION OF TIME (FIRST REQUEST)** |

Plaintiff, Phillip Forman ("Dr. Forman" or "Plaintiff"), by and through his attorneys, the law firms of Marquis Aurbach Coffing and Carmel, Milazzo & Feil, LLP and Defendants United Health Products, Inc. ("UHP") and Douglas K. Beplate ("Beplate") (collectively referred to herein as the "Defendants), by and through their counsel of record, Frank H. Cofer III, Esq., of the law firm of Cofer & Geller, LLC, hereby stipulate as follows:

**SUMMARY OF RELIEF REQUESTED**

This stipulation is a request to extend the current discovery deadlines as set forth in the parties previous Stipulated Discovery Plan and Scheduling Order by a period of sixty (60) days. This is the parties' request for their first extension of the discovery deadlines, although

it is their second request for same initial extension.[1]  The first request was Denied for want of a recitation of facts as set forth under LR 26-3 and a recitation of good cause, both of which are set forth below.

Pursuant to LR 26-3

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline.  A request made within 21 days of the subject deadline must be supported by a showing of good cause.  A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.  A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery.

LR 26-3

---

[1] LR IA 6-1(a) requires a recitation of the number of requests sought, providing that:

A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted.  (Examples: "This is the first stipulation for extension of time to file motions."  "This is the third motion to extend time to take discovery.")  A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.  Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension…

LR IA 6-1(a)

MAC:15566-001 4153227_1

1  The parties therefore submit this stipulation to in order to set forth the information
2  required under LR 26-3(a)-(d).  In addition, while the parties initially began discussions
3  concerning an extension on September 9, 2020, a date more than 21 days prior to the close of
4  discovery, the parties were unable to file a stipulation until September 21, 2020, which was
5  less than 21 days prior to the close of discovery.  As such, good cause is required for such an
6  extension.  Accordingly, the parties respectfully submit this amended stipulation in order to
7  establish that good cause exists to extend the discovery deadlines in that the original discovery
8  deadlines were set without reference to the impact that the global coronavirus pandemic would
9  have, not only on this case, but on their counsel's ability to conduct matters in their usual
10 efficient course in the broader sense.

### A. DISCOVERY COMPLETED

To date, the parties have already engaged in various aspects of discovery despite the substantial hardships described in greater detail below.  The parties have already exchanged their initial disclosures.  The parties have all served their document demands and their demands for interrogatories.  Plaintiff has served his written responses to Defendants' document demands and his written responses to Defendants' demands for interrogatories.  Plaintiff has also made his production of documents responsive thereto.

### B. SPECIFIC DESCRIPTION OF DISCOVERY TO BE COMPLETED

The outstanding discovery to be complete is Defendants' written responses to Plaintiff's discovery demands and their production of documents responsive thereto. Pending Defendants' production, Plaintiff may wish to meet and confer regarding any documents he believes might be outstanding.  Plaintiff has an outstanding notice to take the deposition of Defendants.  Defendants may wish to notice Plaintiff to take his deposition.

### C. REASON FOR THE REQUEST

The Defendants timely filed their answer on April 7, 2020, which date is the starting point for the deadlines set forth in Scheduling Orders. (DKT#20).  As of that date, the the nation had been placed under lockdown due to the coronavirus pandemic, which lockdowns had at that point been in place for less than three weeks.  There was pure uncertainty as to how

MAC:15566-001 4153227_1

long the lockdowns would last, at the time none of the undersigned were to believe it would last months, and to a degree until the present date, in fact it was the prevailing belief that the lockdown would be only brief, so as to "flatten the curve."

Therefore, the parties agreed to a discovery schedule commensurate with discovery schedules set forth for litigation conducted in the usual course, and without reference to what would turn into months long lockdowns. Subsequently, the lockdowns persisted through the majority of the discovery period. The undersigned attorneys were not permitted to go to their offices and had limited, if at times any, access to work files. The parties conducted the discovery they could with diligence. For Plaintiff's counsel, its office was short staffed, virtually all of its deadlines and other scheduled matters had to be postponed, extended, or adjourned due to the tremendous difficulties and inefficiencies of the lockdown and office closure, and it experienced a general slow-down in virtually all regards. Despite their diligence in this and all other matters, they could not reasonably have completed discovery by the deadlines set forth in the Scheduling Order. For Defendant, despite their exercise of diligence, they could not reasonably have completed discovery by the deadlines set forth in the Scheduling Order. In fact, these difficulties caused many jurisdictions to stay and/or toll certain discovery deadlines, including the State Courts of Nevada.

Indeed, had the parties been able to anticipate that the pandemic would keep them out of their offices and cause so much delay, both broadly speaking and, resultingly and simultaneously, and in terms of this particular matter, counsel would have set longer discovery dates to account for same. However, the extended nature of the lockdown and resulting difficulties were totally unforeseeable and unforeseen by the parties. Therefore, good cause exists to extend the discovery deadlines.

Finally, the nature of the outstanding discovery and posture of the parties tends in favor of an extension. The remaining discovery consists of a production of documents by Defendants and their depositions. These are matters which are absolutely crucial to a determination of the case on its merits. Moreover, neither party would be prejudiced by the

MAC:15566-001 4153227_1

1 extension as they each consent to this stipulation and no party has changed any position or
2 posture in reliance on the current deadlines.
3     In sum, the difficulties imposed upon the parties due to the coronavirus pandemic,
4 which has been impacting the United States for the entirety of the discovery period constitute
5 good cause for the extension sought.

    **D.    CURRENT DEADLINES AND PROPOSED SCHEDULE FOR COMPLETION OF OUTSTANDING DISCOVERY**

The current pertinent deadlines to be extended as set forth are as follows:

Close of discovery:           October 2, 2020 – Extended to December 1, 2020

Initial Expert disclosures:   August 3, 2020 – Extended to October 2, 2020

Rebuttal Expert disclosures:  September 2, 2020 – Extended to November 2, 2020

Final Date to file dispositive: October 30, 2020 – Extended to December 29, 2020
motions

Joint Pretrial Order :        November 27, 2020 – Extended to January 26, 2020 [1]

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Dated this 23rd day of September, 2020          Dated this 23rd day of September, 2020

**MARQUIS AURBACH COFFING**                    **COFER & GELLER, LLC**

By: /s/ Michael D. Maupin                      By: /s/ Frank H. Cofer
    Scott A. Marquis, Esq.                         Frank H. Cofer III, Esq.
    Nevada Bar No. 6407                            Nevada Bar No. 11362
    Michael D. Maupin, Esq.                        601 South Tenth Street
    Nevada Bar No. 13721                           Las Vegas, Nevada 89101
    10001 Park Run Drive
    Las Vegas, Nevada 89145

    CARMEL, MILAZZO & FEIL, LLP                    Howard R. Birnbach, Esq.
    Ross David Carmel, Esq.                        (pro hac vice admitted)
    (pro hac vice admitted)                        111 Great Neck, New York 11021
    55 West 39th St. 18th Floor
    New York, New York 10018                       Attorneys for Defendants United Health
    Attorneys for Plaintiff Phillip                Products, Inc. and Douglas K. Beplate
    FormanPlaintiff Phillip Forman

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 9-23-2020

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15566-001 4153227_1