**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Michael D. Maupin, Esq.
Nevada Bar No. 13721
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
mmaupin@maclaw.com

Carmel, Milazzo & Feil, LLP
Ross David Carmel, Esq.
New York Bar No. 4686580
Pro Hac Vice Forthcoming
55 West 39th Street, 18th Floor
New York, NY 10018
rcarmel@cmdllf.com
Attorneys for Plaintiff Phillip Forman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP FORMAN, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>UNITED HEALTH PRODUCTS, INC., a Nevada domestic corporation; and DOUGLAS K. BEPLATE, an individual,<br><br>         Defendant. | Case Number:<br>2:19-cv-519-GMN-VCF<br><br>**STIPULATION AND ORDER FOR EXTENSION OF TIME (SECOND REQUEST)** |

Plaintiff, Phillip Forman ("Dr. Forman" or "Plaintiff"), by and through his attorneys, the law firms of Marquis Aurbach Coffing and Carmel, Milazzo & Feil, LLP and Defendants United Health Products, Inc. ("UHP") and Douglas K. Beplate ("Beplate") (collectively referred to herein as the "Defendants), by and through their counsel of record, Frank H. Cofer III, Esq., of the law firm of Cofer & Geller, LLC, hereby stipulate as follows:

**SUMMARY OF RELIEF REQUESTED**

This stipulation is a request to extend the current discovery deadlines as set forth in the parties previous extension of the Stipulated Discovery Plan and Scheduling Order by a

MAC:15566-001 4215922_1

period of sixty (60) days. This is the parties' request for their second extension of the discovery deadlines.

Pursuant to LR 26-3

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
>
> (d) A proposed schedule for completing all remaining discovery.

LR 26-3

The parties therefore submit this stipulation to in order to set forth the information required under LR 26-3(a)-(d). The parties respectfully submit this second amended stipulation in order to establish that good cause exists to extend the discovery deadlines in that a) Defendants did not produce written responses or responsive documents to Plaintiff's discovery demands until a date one month following the entry of the Order initially extending the discovery period (DKT#27) (based on communications between the parties, it appears that Defendants either did not anticipate the amount of time required to assemble responsive documents and produce their witnesses due to COVID-19 restrictions and other logistical considerations); b) neither Defendant Beplate nor UHP, through an officer or director, have

been available or have been made available for depositions; and c) the parties continue to experience setbacks and delays due to COVID-19 reschedulings, which are still occurring, and continued difficulties in logistics such that these matters could not be . original discovery deadlines were set without reference to the impact that the global coronavirus pandemic would have, not only on this case, but on their counsel's ability to conduct matters in their usual efficient course in the broader sense.

### A.   DISCOVERY COMPLETED

To date, the parties have already engaged in various aspects of discovery despite the substantial hardships experienced thus far.  The parties have already exchanged their initial disclosures.  The parties have all served their document demands and their demands for interrogatories.  Plaintiff has served his written responses to Defendants' document demands and his written responses to Defendants' demands for interrogatories.  Plaintiff has also made his production of documents responsive thereto.  Defendants have produced responsive documents to Plaintiff's document demands.

### B.   SPECIFIC DESCRIPTION OF DISCOVERY TO BE COMPLETED

The outstanding discovery to be complete is the completion of Defendants' depositions.  If it appears, following the depositions, that existing documents were not produced or that Defendants intend to set forth certain defenses, pursuant to which no documents were produced, Plaintiffs will move to compel the production of those materials.

### C.   REASON FOR THE REQUEST

As set forth in the first request for a sixty-day extension of discovery deadlines, at the time such request was made, the entirety of the discovery in this matter had been conducted during the COVID-19 pandemic, which has left law firms riddled with delays in cases and postponements of deadlines and hearings.  In fact, discovery started during the lockdown period, which persisted, and both the parties and their attorneys had limited if any access to their offices.  The parties were simply unable to complete discovery, or make substantial steps towards its completion during the early stages of the pandemic and the resulting lockdown.

MAC:15566-001 4215922_1

1  Thus the parties requested, and were Granted, an additional sixty days in which to complete
2  discovery.

3  However, while the first sixty-day extension provided the parties with some much
4  needed additional time to conduct discovery, much of this additional time was necessarily
5  allocated to the backlog of attention to other matters which have also been delayed.  In
6  addition, rescheduled matters have complicated the parties' calendars such that certain matters
7  have had to have been further extended.  Indeed, counsel for each party are small law firms,
8  which have been the hardest hit by the pandemic from a scheduling perspective.

9  Because this request is one suggested and insisted upon by Plaintiff, it serves to note
10 that there is good cause for an extension insofar as this request is made at Plaintiff's request,
11 Plaintiff requires the discovery sought, and Plaintiff was not at fault for the delay.  As of the
12 date of the first Order Granting an extension of time, Plaintiff's document demands were
13 outstanding.  Plaintiffs continued to request that Defendants respond to their demands and on
14 multiple occasions Defendants stated that responses were forthcoming.  However, at each
15 point by which Defendants stated they would produce responses and documents, they failed
16 to respond as promised.  In fact, the parties had to meet and confer to resolve Defendants'
17 wholesale failure to provide even written responses to the document demands.  It was not until
18 Plaintiff finally advised that it would file a motion for sanctions by the close of business of
19 even date did Defendants finally make their production.

20 All told, Defendants did not produce their documents until one month following the
21 first extension Order, in the last week of October 2020.  Therefore, the sixty days in which
22 the parties had to work was cut in half due to Defendants' delay.  Moreover, another week
23 would be lost due to Thanksgiving break.[1]

24 When Plaintiff finally received Defendants' production of documents, it inquired as to
25 when Defendants would produce witnesses for depositions.  Defendants failed to provide any

---

[1] In addition, counsel for Plaintiff would be preparing for an arbitration involving over 100,000 documents, which was postponed from September for COVID-19 related reasons.

acceptable dates for depositions. Thereafter, Plaintiff followed up by telephone and was advised that one of Defendants' proposed witnesses had a COVID-19 related problem (it is unclear if said witness actually contracted COVID-19) and that scheduling would be complicated. Plaintiff requested that availability be provided for Defendant Beplate, but advised that he was busy with corporate matters. Plaintiff requested that dates be provided for the depositions, notwithstanding the foregoing. Defendants never provided any dates they would be available for depositions. Thereafter, Plaintiff followed up by email requesting that Defendants propose dates for depositions. Once again, Defendants failed to provide dates of availability or even to respond to said email.

Accordingly, even with Plaintiff's diligence in requesting and following up for discovery responses and deposition dates, it was unable to complete the discovery required by no fault of its own.

Therefore, good cause exists for the Grant of the requested extension. First, the COVID-19 pandemic continues to affect lawsuits, arbitration, and all litigation matters. This is especially the case for smaller law firms like those involved in this matter.

Second, as this request originates from Plaintiff, and it is Plaintiff who requires the outstanding discovery, and as the delay in completing said discovery came at the hands of Defendants, equity and justice require that Plaintiff be afforded the opportunity to conduct the discovery it attempted to complete, and would have completed, but for Defendants' delays.

Finally, the nature of the outstanding discovery and posture of the parties tends in favor of an extension. The remaining discovery consists of the deposition of the Defendants followed by a determination of whether brief supplemental documentary discovery is required. These are matters which are absolutely crucial to a determination of the case on its merits.

Moreover, neither party would be prejudiced by the extension as they each consent to this stipulation and no party has changed any position or posture in reliance on the current deadlines.

MAC:15566-001 4215922_1

1  In sum, the difficulties imposed upon the parties due to the coronavirus pandemic, in
2  addition to the delays caused by Defendants in light of the need of the discovery by Plaintiff,
3  constitute good cause for the extension sought.

### D. CURRENT DEADLINES AND PROPOSED SCHEDULE FOR COMPLETION OF OUTSTANDING DISCOVERY

The current pertinent deadlines to be extended as set forth are as follows:

Close of discovery:            December 1, 2020 – Extended to February 1, 2020 [1]

Initial Expert disclosures:    None anticipated.

Rebuttal Expert disclosures:   None anticipated

Final Date to file dispositive motions:  December 29, 2020 – Extended to March 1, 2020 [1]

Joint Pretrial Order:          January 26, 2020 [1] – Extended to March 26, 2020 [1]

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Dated this   30th   day of November, 2020       Dated this   30th   day of November, 2020

**MARQUIS AURBACH COFFING**                     **COFER & GELLER, LLC**

By: /s/ Michael D. Maupin                       By: /s/ Frank H. Cofer
   Scott A. Marquis, Esq.                          Frank H. Cofer III, Esq.
   Nevada Bar No. 6407                             Nevada Bar No. 11362
   Michael D. Maupin, Esq.                         601 South Tenth Street
   Nevada Bar No. 13721                            Las Vegas, Nevada 89101
   10001 Park Run Drive
   Las Vegas, Nevada 89145

CARMEL, MILAZZO & FEIL, LLP                     Howard R. Birnbach, Esq.
Ross David Carmel, Esq.                         (pro hac vice admitted)
(pro hac vice admitted)                         111 Great Neck, New York 11021
55 West 39th St. 18th Floor
New York, New York 10018                        Attorneys for Defendants United Health
Attorneys for Plaintiff Phillip                 Products, Inc. and Douglas K. Beplate
FormanPlaintiff Phillip Forman

### ORDER

IT IS SO ORDERED:

_[signature]_

UNITED STATES MAGISTRATE JUDGE

DATED:  12-2-2020

Page 6 of 6

MAC:15566-001 4215922_1

*Sidebar: MARQUIS AURBACH COFFING, 10001 Park Run Drive, Las Vegas, Nevada 89145, (702) 382-0711 FAX: (702) 382-5816*

# Cally Hatfield

| | |
|---|---|
| **Subject:** | FW:  [External] Forman v. UHP [IWOV-iManage.FID1072356] |

**From:** hrbatlaw@aol.com <hrbatlaw@aol.com>
**Sent:** Monday, November 30, 2020 5:36 PM
**To:** mnacht@cmfllp.com; fcofer@defense.vegas
**Cc:** rcarmel@cmfllp.com; cmilazzo@cmfllp.com; Michael D. Maupin <mmaupin@maclaw.com>; Scott Marquis <smarquis@maclaw.com>
**Subject:** Re: [External] Forman v. UHP

I consent to the relief requested in the proposed Stipulation and Order.

Howard R. Birnbach


-----Original Message-----
From: Michael Nacht <mnacht@cmfllp.com>
To: hrbatlaw@aol.com <hrbatlaw@aol.com>; fcofer@defense.vegas <fcofer@defense.vegas>
Cc: Ross Carmel <rcarmel@cmfllp.com>; Chris Milazzo <cmilazzo@cmfllp.com>; Michael D. Maupin <mmaupin@maclaw.com>; Scott Marquis <smarquis@maclaw.com>
Sent: Mon, Nov 30, 2020 8:17 pm
Subject: RE: Forman v. UHP

See attached.  Please confirm that you approve of this and that we can apply Frank's signature, as he authorized.


**Michael David Nacht, Esq.**   |   Associate   |   Carmel, Milazzo & Feil LLP

Main: 212-658-0458; Ext. 1005   |   Direct: 646-868-3880   |   Fax: 646-838-1314

Email: mnacht@cmfllp.com   |   Bio   |   LinkedIn   |   Website: www.cmfllp.com

Manhattan Office: 55 West 39th Street, 18th Floor, New York, NY 10018

**New York City  |  New Jersey  |  Long Island  |  Beverly Hills**

 

NOTICE:  The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication by error, please immediately notify the sender by e-mail  and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

1